ROBERT J. PARISH, Plaintiff in Error, v. E. M. FRAMPTON *et al.*, Defendants in Error.

*Witness—Assignor.*—An assignor of a chose in action is not a competent witness for the assignee to prove facts about the claim which occurred anterior to the assignment. (R. C. 1855, p. 1577, § 3.)

*Error to Cooper Circuit Court.*

*Stephens & Vest,* for plaintiff in error.

1. The court below erred in not allowing the exception of plaintiff in error to the ruling of the commissioner, which excluded the evidence of Stephens as to facts occurring anterior to his assignment to Frampton. (See § 3 p. 1577, R. C. 1855.) Stephens was a competent witness, independently of the assignment. But he could certainly testify as to half the amount sued for. The reason of the statute, as provided in section 6, same page of the Statutes, and which is re-

lied on by defendant, does not apply to one half of the debt. Parish could certainly recover that of Frampton, and no evidence given by Stephens could change his (Stephens') liability for the amount paid. (See Lee et al. v. Murray, 12 Mo. 280, particularly Judge Scott's opinion.)

II. The court erred in not allowing the other exceptions of plaintiff, and setting aside the commissioner's report. The facts show that Parish's money went to pay Frampton's debts, and that too at his request.

BATES, Judge, delivered the opinion of the court.

Stephens and Frampton were partners in business before and to March, 1857, under the name of Stephens & Frampton. The firm name was then changed to J. L. Stephens & Co., and they continued partners till June 1st, 1857, when their copartnership was dissolved, and Stephens and the plaintiff, Parish, formed a copartnership.

In March, 1857, when Stephens & Frampton changed the name of their firm, Frampton told Stephens to pay off the old debts, and they would afterwards settle. While Stephens and Parish were partners, Stephens paid debts of the firm of Stephens & Frampton with moneys of the firm of Stephens & Parish.

In September, 1858, Stephens assigned his interest in the several firms of which he had been a member to Parish, the plaintiff, who brought this suit against Stephens & Frampton for the recovery of the money so paid by Stephens out of the funds of Stephens & Parish, in satisfaction of the debts of Stephens & Frampton.

Stephens did not answer. Frampton answered, and made issues upon several allegations of the petition. The court referred the decision of the issues to a referee, who reported that there was no evidence that Frampton ever undertook to pay these sums to Stephens & Parish, or that he combined with Stephens to take money from Stephens & Parish and appropriate it to the use of Stephens & Frampton. He also reported that an inference even was not warranted that

Frampton, on settlement, would be indebted to Stephens in any amount. During the hearing before the referee, the plaintiff offered to prove by Stephens certain facts about the accounts sued for, which occurred prior to the execution of the assignment by him to the plaintiff; which evidence the referee rejected, and that rejection is assigned for error.

The 6th section of the act concerning witnesses (R. C. p. 1577) provides that any assignor of an account, judgment, or thing in action, shall be incompetent to testify concerning facts occurring anterior to the assignment.

Whilst there may be some exceptions of persons, who, at first view, appear to be comprehended by the statute, this case is not one of them, and the court committed no error in excluding the testimony offered.

No other error appearing in the record, the judgment of the court below will be affirmed. Judges Bay and Dryden concur.